IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ZENN K. INOUYE, Special Administrator of the Estate of Ricky K. Inouye,<br><br>      Plaintiff,<br><br>  vs.<br><br>MICHAEL KEMNA, LUCIANNE KHALAF, DANIEL H. SHIMIZU, PETER B. CARLISLE, MARK NANAMORI and the CITY AND COUNTY OF HONOLULU, a municipal corporation,<br><br>      Defendants.<br>_____ | CIVIL NO 04-00026 LEK |

**ORDER DENYING DEFENDANT'S ORAL**
**MOTION FOR JUDGMENT AS A MATTER OF LAW**

Before the Court is Defendant Mark Nanamori's ("Defendant") oral Motion for Judgment as a Matter of Law ("Motion"). The Court heard argument on this motion on February 10, 2009. Appearing on behalf of Defendant was Kendall Moser, Esq., and appearing on behalf of Plaintiff Zenn K. Inouye, Special Administrator of the Estate of Ricky K. Inouye ("Plaintiff"), was Walter R. Schoettle, Esq. After careful consideration of the Motion, the arguments of counsel, and the relevant legal authority, Defendant's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

In the instant case, Plaintiff alleges that Defendant violated Ricky Inouye's constitutional rights by requiring him to attend a substance abuse treatment program which included attendance at Alcoholics Anonymous/Narcotics Anonymous ("AA/NA") meetings.[1]  Plaintiff alleges that Defendant knew that the program required attendance at AA/NA meetings and that Ricky Inouye had religious objection to any requirement that he attend AA/NA.  Plaintiff claims that Defendant acted maliciously, oppressively, or in reckless disregard of Ricky Inouye's rights, and therefore punitive damages are warranted.

Defendant made the instant Motion at the close of all evidence.  Defendant argues that Plaintiff failed to prove that: Defendant required Ricky Inouye participate in a substance abuse treatment program; and that Defendant knew that the program Ricky Inouye went to would require him to participate in AA/NA.  Defendant notes that there are no AA/NA attendance logs in Ricky Inouye's parole record and, if he did attend the meetings, there is no evidence of what took place there.  In addition, Defendant argues that Plaintiff failed to prove under any standard that Defendant's actions warranted punitive damages.

Plaintiff counters that Defendant admitted that he knew Inouye objected to AA/NA and that the substance abuse treatment

---

[1] Defendant was Ricky Inouye's parole officer.

program typically required attendance at AA/NA meetings. Plaintiff also argues that Defendant's malice can be inferred from Defendant's notes in Ricky Inouye's parole record. Defendant stated that Ricky Inouye was, *inter alia*, difficult and argumentative.  Plaintiff argues that Defendant wanted to force Ricky Inouye to attend AA/NA to assert his authority over Ricky Inouye.  Plaintiff also emphasizes that Defendant recommended that the treatment program enter into a behavioral contract with Ricky Inouye.  Defendant allegedly did so because of the problems that the program expected to have due to Ricky Inouye's objection to AA/NA and Defendant believed the contract would eliminate any liability the program had for forcing Ricky Inouye to attend AA/NA meetings.

### **DISCUSSION**

Federal Rule of Civil Procedure 50 provides, in pertinent part:

> (a) Judgment as a Matter of Law.
>
> > (1) In General.  If a party has been fully heard on an issue during a jury trial and the court finds that <u>a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue</u>, the court may:
> >
> > > (A) resolve the issue against the party; and
> > >
> > > (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

3

Fed. R. Civ. P. 50(a)(1) (emphasis added).  Legally sufficient evidence is evidence that is adequate to support a conclusion, "even if it is also possible to draw a contrary conclusion."  See Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002) (citation and quotation marks omitted).

In reviewing Defendant's Motion, this Court must consider all of the evidence in the record and "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (citations omitted).  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."  Id. (citation and quotation marks omitted).

This Court finds that there are disputed factual issues in the instant case regarding both Defendant's liability and the availability of punitive damages.  This Court therefore cannot find that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on those issues.  The issues of Defendant's liability and the availability of punitive damages are not suitable for determination as a matter of law.

## CONCLUSION

On the basis of the foregoing, Defendant's oral Motion for Judgment as a Matter of Law, is HEREBY DENIED.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, February 23, 2009.



       /S/ Leslie E. Kobayashi
       Leslie E. Kobayashi
       United States Magistrate Judge

**ZENN INOUYE, SPECIAL ADMINISTRATOR OF THE ESTATE OF RICKY INOUYE V. MICHAEL KEMNA, ET AL; CIVIL NO. 04-00026 LEK; ORDER DENYING DEFENDANT'S ORAL MOTION FOR JUDGMENT AS A MATTER OF LAW**